FILED
JAMES J. VILT, JR. - CLERK

MAR - 4 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

THOMAS CZARTORSKI (1, 4)
JARROD LEWIS (2)
JAMES CAMERON WRIGHT (3, 5, 6)

INDICTMENT

NO. 3:25-CR-30-CHB

18 U.S.C. § 242
18 U.S.C. § 1623

The Grand Jury charges:

## COUNT 1
*(Deprivation of Rights Under Color of Law)*

On or about March 5, 2020, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **THOMAS CZARTORSKI**, while acting under color of law as a trooper with the Kentucky State Police, willfully deprived Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, defendant **THOMAS CZARTORSKI** stomped and kicked Victim 1 about the back, ankles and feet, without legal justification. This offense resulted in bodily injury to Victim 1.

In violation of Title 18, United States Code, Section 242.

The Grand Jury further charges:

## COUNT 2
*(Deprivation of Rights Under Color of Law)*

On or about March 5, 2020, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **JARROD LEWIS**, while acting under color of law as a trooper with the Kentucky

State Police, willfully deprived Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, defendant **JARROD LEWIS** stomped and kicked Victim 1 about the face, head, shoulders, and upper body, without legal justification. This offense involved the use of a dangerous weapon (shod foot) and resulted in bodily injury to Victim 1.

In violation of Title 18, United States Code, Section 242.

The Grand Jury further charges:

## COUNT 3
*(Deprivation of Rights Under Color of Law)*

On or about March 5, 2020, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **JAMES CAMERON WRIGHT**, while acting under color of law as a trooper with the Kentucky State Police, willfully deprived Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, defendant **JAMES CAMERON WRIGHT** kicked Victim 1 about the head, shoulders, and torso, without legal justification. This offense involved the use of a dangerous weapon (shod foot) and resulted in bodily injury to Victim 1.

In violation of Title 18, United States Code, Section 242.

The Grand Jury further charges:

## COUNT 4
*(Deprivation of Rights Under Color of Law)*

On or about April 3, 2020, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **THOMAS CZARTORSKI**, while acting under color of law as a trooper with the Kentucky State Police, willfully deprived Victim 2 of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, defendant **THOMAS CZARTORSKI**, struck Victim 2 about the legs and torso with a flashlight, without legal justification. This offense involved the use of a dangerous weapon (a flashlight) and resulted in bodily injury to Victim 2.

In violation of Title 18, United States Code, Section 242.

The Grand Jury further charges:

## COUNT 5
*(Deprivation of Rights Under Color of Law)*

On or about March 12, 2024, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **JAMES CAMERON WRIGHT**, while acting under color of law as a trooper with the Kentucky State Police, willfully deprived Victim 3 of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, defendant **JAMES CAMERON WRIGHT** tased Victim 3 without legal

justification. This offense involved the use of a dangerous weapon (a Taser) and resulted in bodily injury to Victim 3.

In violation of Title 18, United States Code, Section 242.

The Grand Jury further charges:

## COUNT 6
### (Perjury)

On or about January 22, 2021, in the Western District of Kentucky, Jefferson County, the defendant, **JAMES CAMERON WRIGHT**, while under oath and under penalty of perjury, knowingly made false material declarations in a proceeding before and ancillary to a court of the United States. Specifically, the defendant made the below-underlined false declarations while being deposed, under oath, in connection with a federal civil 42 U.S.C. § 1983 case (docket number 3:20-CV-00703), then pending in the United States District Court for the Western District of Kentucky; that case involved allegations of civil rights violations during Victim 4's arrest on April 9, 2020, and it was material to that case to determine whether the defendant used force against Victim 4 during that arrest. During the deposition, the defendant made the following (underlined) false statements:

> Q. Once you had him on the ground, did you strike or hit him with a closed fist at all?
> A. <u>No</u>, sir.
> Q. Or any part of your body?
> A. <u>No</u>, sir.
>
> . . .
>
> Q. And just to be clear, you never struck him even once with your fist, elbow or any part of your --
> A. <u>Never.</u>

. . .

> Q. There would have been no reason for him to have been struck with an object as far as you're aware?
>
> A. Again, I control situations how I control them. <u>I did not strike him with anything</u>, did not see anything, anybody strike anybody with anything. <u>Other than taking him to the ground, there was no force used.</u>

The underlined testimony of the defendant, as he then and there well knew and believed, was false in that the defendant did in fact strike and use force on Victim 4 during his arrest.

In violation of Title 18, United States Code, Section 1623.

A TRUE BILL.

[Redacted]

FOREPERSON

*[signature]*

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAC WARNER
DEPUTY ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

UNITED STATES OF AMERICA v. **THOMAS CZARTORSKI, JARROD LEWIS and JAMES CAMERON WRIGHT**

## PENALTIES

Counts 1-5:  NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Count 6:    NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.